MARGARET NEEDLES, Appellant, v. FRED GREGORY, Defendant; E. M. RUSK, Interpleader, Respondent.

### Kansas City Court of Appeals, January 24, 1898.

**Attachment:** INSTRUCTION: NOTE NOT DUE: MORTGAGE. While attachment may be brought on a note not yet due and secured by a mortgage, yet an instruction in unqualified terms directing the jury to entirely ignore such facts, when it tended to show interest in a witness in the cause, is sufficiently erroneous to warrant the trial court in granting a new trial.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*A. W. Mullins* and *Lander, Johnson & Lander* for appellants.

(1) The plaintiff's fifth instruction presents the law correctly and was properly given. The plaintiff had the right to sue on his note by attachment, notwithstanding the note was not due when the suit was instituted. R. S. 1889, sec. 522, p. 219. And although a mortgage had been given as security for the payment of the note, this fact did not preclude the plaintiff from suing on the note by attachment. *Thornton v. Pigg*, 24 Mo. 249; *Savings Ass'n v. Mastin*, 61 Mo. 435; *Shackelford, Adm'r, v. Clark*, 78 Mo. 491–494; *Carroll v. Campbell*, 110 Mo. 569. (2) Neither in law nor in fact was there any just ground whatever for granting the interpleader a new trial, and therefore the order

of the circuit court setting aside the verdict of the jury and granting the new trial should be reversed and set aside and the cause remanded with directions to the lower court to enter judgment on the verdict of the jury. *Lovel v. Davis*, 52 Mo. App. 350; *Finney v. Randolph*, 68 Mo. App. 557; *Herdler v. Stove & Range Co.*, 136 Mo. 3.

*H. K. West* and *A. A. Bailey* for respondent.

It is very evident that the court erred in giving plaintiff's fifth instruction, and that the motion for a new trial was properly sustained on account of that error. By that instruction the jury is told to entirely ignore the fact that the note sued on is secured by deed of trust.

ELLISON, J.—The plaintiff sued the defendant by attachment and caused certain personal property, consisting of livery stock and household goods, to be seized and attached in the cause as the property of the defendant.

STATEMENT. The interpleader, E. M. Rusk, filed his interplea in the case at the return term of the writ, claiming the ownership of the property attached in himself, and also setting up in his interplea, as a defense, the fact "that the note sued on was not due and was secured by deed of trust," which last mentioned part of said interplea was, on plaintiff's motion, stricken out by the court.

The interpleader filed his motion for new trial, which motion was sustained by the court "for the reason that the court erred in giving plaintiff's instructions numbered 2 and 5 and for no other grounds," which instructions are as follows:

"2. The court further instructs the jury that if they believe and find from the evidence that the defend-

ant Gregory was largely indebted and in failing circumstances, and that amongst other creditors he was indebted to the interpleader for money borrowed to the aggregate amount of $672 or about that sum, but for which defendant had given notes considerably in excess thereof, and that the alleged sale of the property in question was for no consideration whatever other than the payment of interpleader's said claims, then in order to make the said sale of said property effectual and valid, as against the plaintiff and other creditors of said Gregory, the jury must believe and find from the evidence that said interpleader bought said property in good faith and paid said Gregory a fair and reasonable consideration therefor, and if the jury do not so find from the evidence, they should make and return their verdict for the plaintiff.

"5. The court instructs the jury that it is wholly immaterial in this case that plaintiff's note in suit is not yet due or that said note is secured by mortgage, and such facts should be entirely ignored by you in arriving at your verdict."

Evidence of the fact that the note upon which plaintiff's suit is based was secured by mortgage was admitted for the purpose of affecting the credibility of the witness Needles. It was properly admitted, as it showed that he had an interest in the result of the case. His interest was this: Defendant gave a mortgage on real estate to secure to plaintiff the payment of the note in suit. Defendant afterward conveyed this real estate to the witness Needles subject to the mortgage. So that if plaintiff can sustain the present case and make the amount of her note out of the personal property attached, it relieves Needle's land of the mortgage. Yet the jury were instructed that the fact that the note was secured by mortgage "should be entirely ignored."

ATTACHMENT: instruction: note not due: mortgage.

Taking the connection in which the words just quoted occur, they were perhaps intended to express the meaning that such fact did not prevent plaintiffs from obtaining the verdict if otherwise entitled to it in the opinion of the jury. But the unqualified breadth of the direction would leave the jury little room to do otherwise than interpret them literally.

From the case as it now appears in the record, we can not see that there was error in giving plaintiff's instruction number 2, it being based on plaintiff's theory of the case.

For the reasons aforesaid the order granting a new trial will be affirmed. All concur.